# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL DAVID SCOTT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-40151-FDS |
| VICTOR A. WILD, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

**SAYLOR, C.J.**

On December 13, 2019, this Court issued a memorandum and order that granted plaintiff's motion to proceed *in forma pauperis*; assessed an initial, partial filing fee; and advised plaintiff that his complaint is subject to dismissal based upon the statute of limitations and sovereign immunity. Plaintiff was advised that if he wished to pursue this action, he must file an amended complaint.

Plaintiff responded by filing both (1) a self-prepared amended complaint pursuant to Fed. R. Civ. P. 15(c), *see* Docket No. 8, and (2) an amended complaint on a preprinted form titled "Complaint and Request for Injunction," *see* Docket No. 9. In order to avoid dismissal of his claims under the doctrine of sovereign immunity, he now asserts *Bivens* claims against the defendants in their individual capacities. He disputes, however, that those claims are subject to a three-year statute of limitations period and asks the court to apply the six-year limitations period for breach of contract.

It is well-established that while a plaintiff may not recover damages from the United

States for constitutional violations, so-called "*Bivens* actions" may be brought against federal officers in their individual capacities. *See Wigginton v. Centracchio*, 205 F.3d 504, 508 n. 5 (1st Cir. 2000) ("The term '*Bivens* actions' derives from *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), authorizing damage actions against federal officials who allegedly engaged in unconstitutional conduct to a plaintiff's detriment.").

*Bivens* claims are subject to a three-year statute of limitations in Massachusetts. *Donahue v. Connolly*, 890 F. Supp. 2d 173, 188 (D. Mass. 2012) (citing *Barrett ex rel. Estate of Barrett*, 462 F.3d at 38 & n. 6 (1st Cir. 2006)).[1] The claims here accrued in 2014, well more than three years before the complaint was filed in November 2019. The claims are therefore time-barred.

Accordingly, and for the foregoing reasons, this matter is hereby DISMISSED as time-barred pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

**So Ordered.**

Dated: February 18, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[1] Where a state has more than one statute of limitations that applies to personal injury actions, a federal court should borrow the state's general or residual personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (emphasis added) (holding that where state has more than one statute of limitations period for personal injury actions, federal court should borrow general period for purposes of civil rights actions). In Massachusetts, that statute is Mass. Gen. Laws ch. 260 § 2A. Section 2A provides, in relevant part: "actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues." *See* Mass. Gen. Laws ch. 260 § 2A.